**KRATZ & BARRY LLP**
R Touhey Myer
(NJ Bar ID 028912009)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

Timothy H. Kratz *(Pro Hac Vice Expected)*
George J. Barry III *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
(404) 431-6600
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

Michael P. Hogan *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
622 South 4th Street
P.O. Box 63765
Philadelphia, PA 19147
(917) 216-8585
mhogan@kratzandbarry.com

*Attorneys for Defendant,*
*Rubicon Research Private Limited,*
*k/n/a Rubicon Research Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| METACEL PHARMACEUTICALS LLC, | : | |
| *Plaintiff*, | : | |
| v. | : | C.A. No. 2:25-cv-01382-EP-JRA |
| RUBICON RESEARCH PRIVATE LIMITED, k/n/a RUBICON RESEARCH LIMITED | : | |
| *Defendant*. | : | |

## <u>VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM</u>

Defendant, Rubicon Research Limited ("Rubicon"), formerly known as Rubicon Research Private Limited, by and through its undersigned counsel, respectfully submits this Verified Answer to Plaintiff's Complaint and Counterclaim. Except as otherwise expressly admitted or qualified

herein, Rubicon denies each and every allegation in the Complaint and puts Plaintiff Metacel

Pharmaceuticals LLC ("Metacel" or "Plaintiff") to its burden of proof, stating further as follows:

## RESPONSES TO ALLEGATIONS PERTAINING TO
## THE NATURE OF THE ACTION

1.       This is a civil action for infringement of United States Patent No. 10,610,502 (the
"'502 Patent") owned by Metacel and arising under the patent laws of the United States, Title 35,
United States Code, Sections 100 *et seq.*

**RESPONSE:**   Rubicon admits Plaintiff purports to bring a civil action to assert alleged

infringement of the '502 Patent under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et*

*seq.* Rubicon denies the existence of any valid basis for Plaintiff's claim for alleged infringement

of the '502 patent, which Rubicon avers Plaintiff has knowingly and intentionally filed, in bad

faith and with the knowledge that Plaintiff's claim is baseless, with the specific intent to cause

Rubicon harm, in part by fraudulently employing the U.S. Food and Drug Administration ("FDA") in

Metacel's unlawful scheme to delay and frustrate regulatory approval of Rubicon's supplemental

Abbreviated New Drug Application that purportedly forms the (improper) basis for Plaintiff's

sham infringement claim.  This paragraph includes legal conclusions to which no response is

required.  To the extent a further response is required, Rubicon denies all remaining allegations in

this paragraph.  Allegations not expressly admitted are denied.

2.       This action relates to a supplemental Abbreviated New Drug Application (Number
214445/S-001) that supplements Abbreviated New Drug Application ("ANDA") No. 214445 filed
by Rubicon with the United States Food and Drug Administration ("FDA") for approval to market
a generic version of Metacel's Ozobax® drug product prior to the expiration of '502 Patent.

**RESPONSE:**   Rubicon admits Plaintiffs purport to have initiated this Action in response to

Rubicon's filing of a supplement to Rubicon's ANDA No. 214445, which supplement FDA has

assigned No. 214445/S-001 ("Rubicon's supplemental ANDA").  Rubicon admits filing Rubicon's

supplemental ANDA.  Upon information and belief, Rubicon denies Metacel markets Ozobax®

2

and avers Metacel has discontinued marketing Ozobax®.  Rubicon denies the existence of any

valid basis for Plaintiff's claim for alleged infringement of the '502 patent, which Rubicon avers

Plaintiff has knowingly and intentionally filed, in bad faith and with the knowledge that Plaintiff's

claim is baseless, with the specific intent to cause Rubicon harm, in party by fraudulently

employing FDA in Metacel's unlawful scheme to delay and frustrate regulatory approval of

Rubicon's supplemental ANDA.  This paragraph includes legal conclusions to which no response

is required.  To the extent a further response is required, Rubicon denies all remaining allegations

in this paragraph.  Allegations not expressly admitted are denied.

### RESPONSES TO ALLEGATIONS PERTAINING TO
### THE PARTIES, JURISDICTION AND VENUE

3.      Metacel is a domestic limited liability company organized and existing under the
laws of the State of Georgia, having a principal place of business at 1272 Virgil Langford Road,
Suite 201C, Watkinsville, Georgia, 30677.

**RESPONSE:** Rubicon is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph and, therefore, denies the same.  Allegations not expressly

admitted are denied.

4.      On information and belief, Rubicon is a corporation organized and existing under
the laws of India, having a principal place of business at 221 Annex Building, Goregaon Mulund
Link Road Bhandup (West) Mumbai, 400 078 India.

**RESPONSE:** Rubicon admits that it is an Indian company organized under the laws of India with

a place of business at MedOne House, B – 75, Road No. 33, Wagle Estate, Thane West – 400604,

Maharashtra, India.  Rubicon denies all remaining allegations in this paragraph. Allegations not

expressly admitted are denied.

5.      Rubicon also maintains a business development and regulatory office in the United
States at 666 Plainsboro Road, Suite 605, Plainsboro, New Jersey 08536.

**RESPONSE:** Rubicon admits it has a place of business located in New Jersey it describes on its website as a business development and regulatory office.  Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

6.     Rubicon has authorized Timothy H. Kratz, Kratz & Barry LLP, 1050 Crown Pointe Parkway, Suite 500, Atlanta, Georgia 30338 to accept service and process on its behalf.

**RESPONSE:** Admitted.

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) (patent infringement) and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

**RESPONSE:** Rubicon denies the Court has subject matter jurisdiction to the extent Metacel's claim for infringement fails to establish an actual case or controversy because Metacel's claim is conclusively foreclosed by the doctrine of *res judicata*.  This paragraph contains legal conclusions to which no response is required.  To the extent a further response is required, Rubicon denies all remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

8.     Rubicon's development and regulatory office is located in New Jersey.

**RESPONSE:** Rubicon admits it has a place of business located in New Jersey it describes on its website as a business development and regulatory office.  Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

9.     On information and belief, Rubicon is in the business of, among other things, formulating, developing, manufacturing, packaging, marketing, and selling generic versions of brand-name pharmaceutical products for the United States market, including in New Jersey.

**RESPONSE:** Rubicon admits it is in the business of, among other things, making and selling FDA-approved pharmaceutical products in the United States.  Solely for the purpose of this litigation, Rubicon does not challenge the Court's exercise of personal jurisdiction over Rubicon.

Rubicon denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

10.    On information and belief, Rubicon, directly or through its affiliates and agents, formulates, manufactures, packages, markets, and/or sells pharmaceutical products throughout the United States and in New Jersey.

**RESPONSE:** Rubicon admits it is in the business of, among other things, making and selling FDA-approved pharmaceutical products in the United States. Solely for the purpose of this litigation, Rubicon does not challenge the Court's exercise of personal jurisdiction over Rubicon. Rubicon denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

11.    Additionally, upon information and belief, Rubicon prepared supplemental Abbreviated New Drug Application (Number 214445/S-001) at their New Jersey office, thus committing the act of patent infringement within this district. See 35 U.S.C. § 271(e)(2).

**RESPONSE:** Denied.

12.    Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over Rubicon because, Rubicon has purposely availed itself of the rights and benefits of the laws of New Jersey by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being haled into court here.

**RESPONSE:** Solely for the purpose of this litigation, Rubicon does not challenge the Court's exercise of personal jurisdiction over Rubicon. This paragraph contains legal conclusions to which no response is required. To the extent a further response is required, Rubicon denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

13.    In the alternative, this Court has personal jurisdiction over Rubicon pursuant to Federal Rule of Civil Procedure 4(k)(20)(A).

**RESPONSE:** Solely for the purpose of this litigation, Rubicon does not challenge the Court's exercise of personal jurisdiction over Rubicon. This paragraph contains legal conclusions to which

no response is required. To the extent a further response is required, Rubicon denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Rubicon has committed acts of infringement and has a regular and established place of business in this district.

**RESPONSE:** Solely for the purpose of this litigation, Rubicon does not challenge venue in this Judicial District. This paragraph contains legal conclusions to which no response is required. To the extent a further response is required, Rubicon denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO THE PATENT-IN-SUIT

15.    On April 7, 2020, the U.S. Patent and Trademark Office duly and legally issued the '502 Patent, titled "Oral Baclofen Solutions."

**RESPONSE:** Upon information and belief, the U.S. Patent and Trademark Office ("USPTO") issued the '502 patent April 7, 2020. Rubicon denies the '502 patent was "duly and legally" issued. Upon information and belief, Rubicon admits the '502 patent is titled "Oral Baclofen Solutions." Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

16.    Metacel is the owner of the '502 Patent.

**RESPONSE:** Rubicon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same. Allegations not expressly admitted are denied.

17.    A true and correct copy of the '502 Patent is attached as Exhibit A.

**RESPONSE:** Upon information and belief, Rubicon admits Exhibit A to the Complaint appears

to be a copy of the '502 patent. Rubicon denies all remaining allegations in this paragraph of the

Complaint. Allegations not expressly admitted are denied.

18.     The claims of the '502 Patent carry a presumption of validity under 35 U.S.C. §
282(a) and are enforceable.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To

the extent a response is required, denied. Allegations not expressly admitted are denied.

19.     The '502 Patent does not expire until August 30, 2039, which date may be extended
if Metacel is or becomes entitled to any extensions and/or additional periods of exclusivity.

**RESPONSE:** Rubicon is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph and, therefore, denies the same. Allegations not expressly

admitted are denied.

### RESPONSES TO ALLEAGATIONS PERTAINING TO
### METACEL'S BRAND-NAME DRUG

20.     Metacel is the holder of approved New Drug Application (NDA) No. 208193 for
its baclofen oral solution 5mg/5mL, which Metacel markets in the United States under the name
Ozobax®.

**RESPONSE:** Upon information and belief, Rubicon admits Metacel holds NDA No. 208139 for,

among other things, baclofen oral solution 5 mg/5mL, which, upon information and belief,

Rubicon avers Metacel has discontinued. Rubicon denies all remaining allegations in this

paragraph. Allegations not expressly admitted are denied.

21.     As noticed in Rubicon's Paragraph IV letter, pursuant to the Federal Food, Drug,
and Cosmetic Act, 21 U.S.C. § 355(b)(1), and FDA regulations, the '502 Patent has been listed in
the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations"
(the "Orange Book") with respect to Metacel's Ozobax® brand drug product.

**RESPONSE:** Rubicon admits sending Plaintiff multiple Paragraph IV letters, each of which

identified the '502 patent as having been listed in FDA's Orange Book pertaining to Metacel's

now discontinued Ozobax® drug product, which Rubicon avers required refrigeration. Rubicon

denies all further allegations in this paragraph of the Complaint. Allegations not expressly admitted

are denied.

22.    The composition and formulation for Metacel's Ozobax® brand drug product is covered by certain claims of the '502 Patent.

**RESPONSE:** Denied. Further, Rubicon avers this allegation was made in bad faith and with no

reasonable basis for accusing Rubicon's supplemental ANDA of infringing the '502 patent, each

claim of which is directed to a product requiring refrigeration, and with the specific intent to cause

Rubicon significant harm. Allegations not expressly admitted are denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO
## RUBICON'S DRUG PRODUCT

23.    On September 15, 2021, Rubicon sent Metacel a letter (the "September 15th Paragraph IV Notification") notifying Metacel that it had submitted ANDA No. 214445 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to commercially manufacture, use, offer for sale, and sell a baclofen oral solution 5mg/5mL ("Rubicon's ANDA Product") before the expiration of the '502 Patent.

**RESPONSE:** Admitted.

24.    In its September 15th Paragraph IV Notification, Rubicon notified Metacel that its ANDA contained a "paragraph IV certification," asserting that certain claims of the '502 Patent were invalid, unenforceable and/or would not be infringed by the commercial manufacture, use, and sale of Rubicon's ANDA Product.

**RESPONSE:** Rubicon admits Rubicon's September 15 Paragraph IV Notification notified

Metacel that Rubicon's ANDA included a Paragraph IV Certification that the claims of the '502

patent were invalid, unenforceable and/or would not be infringed by Rubicon's ANDA or ANDA

product. Rubicon denies all further allegations in this paragraph of the Complaint. Allegations not

expressly admitted are denied.

25.    On October 29, 2021, Metacel initiated a patent infringement action against Rubicon in this Court in the case styled, *Metacel Pharmaceuticals LLC v. Rubicon Research Private Ltd.*, Case No. 2:21-cv-19463-EP-JRA. On July 7, 2023, this Court granted summary

judgment in favor of Rubicon, finding that Rubicon's ANDA Product did not infringe the '502 Patent. On July 21, 2023, Metacel moved for reconsideration on this Court's grant of summary judgment, which this Court denied by issuing its August 31, 2023 Order ("the August Order"). The August Order only addressed the "Fridge Limitation," i.e., the storage condition limitation of the '502 Patent. (Dkt. No. 158). The ruling is currently on appeal before the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") in the case styled, *Metacel Pharmaceuticals LLC v. Rubicon Research Private Ltd.*, Case No. 2023-2386 (the "Appeal").

**RESPONSE:** This paragraph contains legal conclusions and recites events on the public record that require no response. To the extent a further response is required, Rubicon denies the "August Order only addressed the 'Fridge Limitation'" but otherwise admits the allegations in this paragraph except as otherwise specified. To the extent this paragraph suggests Metacel's appeal is not frivolous, Rubicon denies any such allegation or suggestion and avers Metacel's appeal is part of Metacel's unlawful scheme to knowingly and intentionally assert baseless claims of infringement of the '502 patent to frustrate and delay regulatory approval of Rubicon's supplemental ANDA with the specific intent to cause Rubicon harm.

26.    By letter dated January 6, 2025 (the "January 6th Paragraph IV Notification"), Rubicon notified Metacel that it had submitted a supplemental ANDA for Rubicon's ANDA Product ("Rubicon's supplemental ANDA Product").

**RESPONSE:** Admitted.

27.    The name of Rubicon's supplemental ANDA Product is the same as its original ANDA Product—"baclofen oral solution 5mg/5mL."

**RESPONSE:** Rubicon admits Rubicon's supplemental ANDA Product does not reflect any changes to the active pharmaceutical ingredient in Rubicon's ANDA Product or the strength of Rubicon's ANDA product. Rubicon admits that Rubicon's supplemental ANDA product is baclofen oral solution 5 mg/mL. Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

28.      The FDA assigned application number 214445/S-001 to Rubicon's supplemental ANDA (the "supplemental ANDA").

**RESPONSE:** Admitted.

29.      The formulation referenced in Rubicon's supplemental ANDA shares similarities to the formulation in its prior ANDA, including the active ingredient, but includes different excipients in different amounts with different underlying compositions.

**RESPONSE:** Rubicon avers this allegation is designed and intended to mislead. Rubicon admits altering the concentration of antimicrobial agents in the formulation for its supplemental ANDA product but denies altering the antimicrobial agents themselves. Rubicon admits altering the grape flavoring and the amount thereof in Rubicon's supplemental ANDA product. Rubicon admits the changes to its formulation lowered the pH range of its formulation. Rubicon avers Rubicon's changes to the concentration of antimicrobial agents, to the grape flavoring and to the formulation pH are the only changes to Rubicon's original, FDA-approved ANDA product and denies that Rubicon's ANDA supplement otherwise included any "different excipients in different amounts with different underlying compositions." Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

30.      While Rubicon's supplemental ANDA does not specify the purpose of these excipient modifications, upon information and belief, these changes may be intended to affect the storage conditions of the product, which on information and belief, depart from this Court's prior findings related to the '502 Patent by raising new issues of fact and law.

**RESPONSE:** Rubicon avers this allegation is knowingly and intentionally false and designed to effect a fraud upon the Court. Rubicon avers Plaintiff was in full possession of Rubicon's ANDA supplement when preparing the complaint in the instant action. Rubicon denies that its supplemental ANDA does not specify the purpose of the changes described in Rubicon's supplemental ANDA. (*See*, *e.g.*, Ex. 1 at RUB005579-80 ("Alternative composition with higher

concentration of preservative has been proposed …. Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code."; RUB005597 ("pH range is revised in proposed composition for better preservative efficacy."); RUB005598 ("Preservatives levels are revised in proposed site transfer product for better preservative efficacy over the entire shelf-life period based on prescribed optimum levels as per literature."); RUB005599 ("Flavor grade is changed in proposed product for better taste performance."). Rubicon denies any of the changes to its supplemental ANDA formulation are intended or in fact do affect the storage conditions of the product and avers Plaintiff made the contrary allegation knowing it was false and with the specific intent to cause Rubicon harm. (*See* Ex. 1 at RUB005623 ("There is no change in the approved storage conditions from the original ANDA.")) Rubicon denies any of the formulation changes result in any departure from this Court's previous finding that the '502 patent claims require refrigeration and Rubicon's product does not and, therefore, does not infringe the '502 patent, and avers Plaintiff made the contrary allegation knowing it was false and with the specific intent to cause Rubicon harm. (*See id.*) Rubicon denies all remaining claims in this paragraph. Allegations not expressly admitted are denied.

31.    On information and belief, the altered excipients lead to infringement of the buffer limitation of the '502 Patent.

**RESPONSE:** Denied.

32.    On information and belief, Rubicon conducts testing that satisfies the impurity limitation of the '502 Patent

**RESPONSE:** Denied.

33.    In its January 6th Paragraph IV Notification, Rubicon notified Metacel that its supplemental ANDA contained a "paragraph IV certification," asserting that its supplemental ANDA does not infringe on the '502 Patent for the reasons set forth in the August Order.

**RESPONSE:** Rubicon admits its supplemental ANDA does not infringe the '502 patent in part due to the fact that Rubicon's supplemental ANDA product does not require refrigeration, which is the basis for the August Order's finding of noninfringement. Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

34.    As stated above, the August Order is currently on appeal before the Federal Circuit in the Appeal and only relates to the storage limitation of the '502 Patent.

**RESPONSE:** Rubicon admits that the August order is currently on appeal before the Federal Circuit. Rubicon avers Metacel's appeal of the August Order is frivolous. Rubicon admits the August Order based its finding of noninfringement on the storage limitation of the '502 patent requiring refrigeration and avers the same analysis leads to the same conclusion in the instant action. Rubicon denies all further allegations in this paragraph of the Complaint. Allegations not expressly admitted are denied.

35.    Rubicon's January 6th Paragraph IV Notification relies on an order that is the subject of a pending appeal.

**RESPONSE:** Rubicon admits Rubicon's January 6th Paragraph IV Notification notified Plaintiff that Rubicon's supplemental ANDA product does not infringe the '502 patent for the same reasons Rubicon's original ANDA product was found not to infringe the '502 patent. Rubicon denies all further allegations in this paragraph of the Complaint. Allegations not expressly admitted are denied.

36.    Aside from citing the August Order, the January 6th Paragraph IV Notification does not provide any independent reasoning or factual bases to support Rubicon's assertion that the '502 Patent is invalid, unenforceable, and/or will not be infringed by Rubicon's supplemental ANDA Product.

**RESPONSE:** Rubicon admits Rubicon's January 6th Paragraph IV Notification notified Plaintiff that Rubicon's supplemental ANDA product does not infringe the '502 patent for the same reasons

Rubicon's original ANDA product was found not to infringe the '502 patent. Rubicon admits it did not assert additional theories of noninfringement or invalidity but avers that it was not required to do so and reserved its right to do so anytime. Rubicon denies all further allegations in this paragraph of the Complaint. Allegations not expressly admitted are denied.

37.    Even if the August Order were considered to provide a basis for non-infringement, its reasoning addresses only a portion of the '502 Patent—specifically, the recommended storage conditions for the ANDA Product stated on the label.

**RESPONSE:** Rubicon admits the August Order conclusively establishes that Rubicon's original ANDA product does not infringe the '502 patent because Rubicon's original ANDA product does not require refrigeration whereas the formulations claimed in the '502 patent require refrigeration. Rubicon further admits this Court's finding that Rubicon's original ANDA product does not infringe the '502 patent applies equally to Rubicon's supplemental ANDA product. Rubicon avers this paragraph underscores Plaintiff's failure to allege that Rubicon's supplemental ANDA product would meet the '502 patent's refrigeration limitation. Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

38.    On information and belief, at the time of the January 6th Paragraph IV Notification, Rubicon's ANDA No. 214445/S-001 had been received by the FDA.

**RESPONSE:** Admitted.

39.    Notably, Rubicon's supplemental ANDA does not include a label for Rubicon's supplemental ANDA Product, which would display the information that downstream users such as physicians, pharmacists, and patients would consult when storing the supplemental ANDA product.

**RESPONSE:** This paragraph contains unsupported legal conclusions to which no response is required. To the extent a response is required, Rubicon denies that its supplemental ANDA product requires any changes to the Rubicon product label. Rubicon denies it was obligated to submit a new product label pertaining to Rubicon's supplemental ANDA because Rubicon's

supplemental ANDA product does not require changes to Rubicon's product label.  Rubicon denies

all remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

40.    The FDA requires that an ANDA submission include a complete and accurate
product label that demonstrates compliance with regulatory requirements. The absence of a label
in Rubicon's supplemental ANDA raises questions on the satisfaction of the applicable regulatory,
and without that express information, on information and belief, Rubicon or downstream users
would store the supplemental ANDA product as claimed in the '502 Patent.

**RESPONSE:** Rubicon denies FDA requires Rubicon to submit a different label from the label

Rubicon submitted with and approved in its original ANDA because the changes to Rubicon's

ANDA reflected in Rubicon's supplemental ANDA do not require changes to the Rubicon's

product label (original and as supplemented).  Rubicon denies all remaining allegations in this

paragraph.  Allegations not expressly admitted are denied.

41.    And given the changes to the formulation of the supplemental ANDA, the product
label would be different than the original ANDA label.

**RESPONSE:** Denied.

42.    Moreover, without a proposed label, the supplemental ANDA does not indicate the
conditions under which the public would be instructed to store Rubicon's supplemental ANDA
product and references in the supplemental ANDA recommend storage conditions that fall within
the scope of the '502 Patent claims.

**RESPONSE:** Rubicon avers this allegation is designed and intended to mislead the Court.

Rubicon denies that the supplemental ANDA does not indicate the requisite storage conditions and

avers Metacel asserted this allegation knowing it was false and with the specific intent to cause

Rubicon harm.  (*See* Ex. 1 at RUB005623 ("There is no change in the approved storage conditions

from the original ANDA.  The storage conditions are as follows: Store at 20° to 25° C (68° to

77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See USP Controlled Room

Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).").  Rubicon denies all remaining

allegations in this paragraph.  Allegations not expressly admitted are denied.

14

43.     On information and belief, Rubicon knows that ANDA No. 214445/S-001 did not include the label for the supplemental ANDA Product.

**RESPONSE:** Rubicon admits knowing that Rubicon's supplemental ANDA did not require any changes to the product label for Rubicon's ANDA product, as supplemented.  To the extent this paragraph alleges or suggests that Rubicon's originally approved product label do not cover Rubicon's supplemental ANDA product, denied.  Rubicon denies all remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

44.     Upon information and belief, Rubicon has taken or will take active steps to intentionally encourage physicians, pharmacists, and/or patients to store Rubicon's supplemental ANDA Product in a manner that infringes the '502 Patent.

**RESPONSE:** Denied.  (*See* Ex. 1 at RUB005623 ("There is no change in the approved storage conditions from the original ANDA.  The storage conditions are as follows: Store at 20° to 25° C (68° to 77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).")

45.     Upon information and belief, although the composition in the supplemental ANDA is different than the formulation in the ANDA, the formulation of Rubicon's supplemental ANDA Product infringes the '502 Patent for similar reasons alleged in the prior litigation, namely, that the supplemental ANDA infringes each and every limitation of claims 1 and/or 2 either literally or under the doctrine of equivalents.

**RESPONSE:** Denied. (*See, e.g.,* Ex. 1 at RUB005623 ("There is no change in the approved storage conditions from the original ANDA.  The storage conditions are as follows: Store at 20° to 25° C (68° to 77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).")

46.     Upon information and belief, Rubicon intends to engage in the commercial manufacture, use, and sale of Rubicon's supplemental ANDA Product promptly upon receiving FDA approval to do so.

**RESPONSE:** This paragraph contains allegations that expressly call for speculation regarding uncertain future events, and Rubicon denies all such allegations on those grounds.  Rubicon denies all remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

47.    Upon receiving FDA approval, Rubicon will, either directly or indirectly, promote the substitution of its generic baclofen oral solution for Metacel's Ozobax® brand baclofen oral which will cause at least a portion of the market for Ozobax® to convert to Rubicon's generic baclofen oral solution.

**RESPONSE:** Rubicon avers this allegation is designed and intended to mislead the Court.  Upon information and belief, Rubicon denies Metacel markets Ozobax® baclofen oral solution, which FDA identifies as having been discontinued.  Rubicon denies all remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

48.    The commercial manufacture, use, offer for sale, sale, and/or importation of Rubicon's supplemental ANDA Product before the expiration of the '502 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '502 Patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

49.    This Complaint is being filed before the expiration of the forty-five days from the date Metacel received the January 6th Paragraph IV Notification.

**RESPONSE:**  Upon information and belief, Rubicon admits Metacel filed the instant complaint knowingly and intentionally asserting a baseless claim of infringement before the expiration of forty-five days from the date Metacel received the January 4 Paragraph IV Notification for the purpose of and with the intent to fraudulently and unwittingly enlist the Court and FDA in Metacel's unlawful scheme to frustrate and delay regulatory approval of Rubicon's supplemental ANDA with the specific intent to cause Rubicon harm.  Rubicon denies all remaining allegations in this paragraph.  Allegations not admitted are denied.

**RESPONSES TO COUNT I: ALLEGED INFRINGEMENT OF THE '502 PATENT**

50.     Metacel incorporates the foregoing paragraphs as if fully restated herein.

**RESPONSE:** Rubicon incorporates its responses to the foregoing paragraphs as if fully restated herein.

51.     Rubicon has actual knowledge of the '502 Patent. Rubicon's knowledge and intent is demonstrated by, among other things, the listing of the '502 Patent in the Orange Book, the ongoing litigation between the parties concerning Rubicon's infringement of the '502 Patent, and Rubicon's Notice Letter and Rubicon's January 6th Paragraph IV Notification.

**RESPONSE:** Rubicon admits having actual knowledge of the '502 patent.  Rubicon denies all

remaining allegations in this paragraph.  Allegations not expressly admitted are denied.

52.     Rubicon's submission of ANDA No. 214445/S-001 to obtain approval for the commercial manufacture, use, offer for sale, sale, or importation of Rubicon's supplemental ANDA Product—prior to the expiration of the '502 Patent—constitutes an act of infringement of claims 1 and/or 2 under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:** Denied.

53.     Upon FDA approval of Rubicon's ANDA No. 214445/S-001, Rubicon will further infringe the '502 Patent under 35 U.S.C. § 271(a), (b) and/or (c), by making, using, offering for sale, selling and/or importing Rubicon's supplemental ANDA Product in the United States.

**RESPONSE:** Denied.

54.     For example, Rubicon's Supplemental ANDA Product is identical in key respects to Metacel's Ozobax®, including having the same active ingredient (baclofen), the same dosage strength (5mg/5mL), and the same dosage form (oral solution).

**RESPONSE:** To the extent this paragraph is intended to allege or suggest Metacel continues to

market or sell Ozobax®, denied.  Rubicon admits that its ANDA product, as supplemented, is for

baclofen oral solution, 5 mg/5mL, which is the same active ingredient, strength and dosage form

as the reference listed drug for Rubicon's ANDA product, as supplemented.  Rubicon denies that

its ANDA product, as supplemented, is identical to Metacel's discontinued Ozobax® product

particularly with respect to the other aspect of the formulation as well as the storage conditions,

which differ for Rubicon's ANDA product, as supplemented, and for Metacel's discontinued,

inferior Ozobax® product, which required refrigeration. Rubicon denies all remaining allegations in this paragraph. Allegations not expressly admitted are denied.

55. In addition, Rubicon will manufacture or direct the manufacture of the composition of claims 1 and/or 2 of the '502 Patent.

**RESPONSE:** Denied.

56. Therefore, the commercial manufacture, use, offer for sale, sale, or importation of Rubicon's supplemental ANDA Product will directly infringe claims 1 and/or 2 of the '502 Patent.

**RESPONSE:** Denied.

57. Upon information and belief, once Rubicon's supplemental ANDA Product is offered for sale or sold, Rubicon will indirectly infringe the '502 Patent by inducing and/or contributing to infringement by others, including manufacturers, distributors, healthcare professionals, pharmacists, and/or patients.

**RESPONSE:** Denied.

58. Upon information and belief, physicians, pharmacists, and/or patients will directly infringe claims 1 and/or 2 of the '502 Patent by storing the supplemental ANDA product in the same manner as Ozobax®, based upon references in the supplemental ANDA and in accordance with standard practice and established expectations for the product.

**RESPONSE:** Denied.

59. Rubicon knows and intends that its generic baclofen product will be used in a manner that infringes claims 1 and/or 2 of the '502 Patent.

**RESPONSE:** Denied.

60. Rubicon's supplemental ANDA Product has no substantial non-infringing use and its January 6th Paragraph IV Notification relies solely on an order that remains subject to a pending appeal.

**RESPONSE:** Denied.

61. If Rubicon's infringement of the '502 Patent is not enjoined, Metacel will suffer substantial irreparable harm for which there is no adequate remedy at law.

**RESPONSE:** Denied.

62.    Under 35 U.S.C. § 271(e)(4), Metacel is entitled to full relief from Rubicon's acts of infringement, including an order from this Court ensuring that the effective date of any FDA approval of ANDA No. 214445/S-001 shall not be earlier than the expiration date of the '502 Patent.

**RESPONSE:** Denied.

### <u>GENERAL DENIAL AND RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF</u>

All allegation in Plaintiff's Complaint not expressly admitted by Rubicon are hereby denied. Having answered Plaintiff's complaint, Rubicon denies Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

### <u>SEPARATE DEFENSES</u>

Without prejudice to the denials set forth in its Answer to the Complaint, and without admitting any allegations of the Complaint not expressly admitted, Rubicon asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff.

### <u>FIRST SEPARATE DEFENSE</u>

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Rubicon's ANDA No. 214445/S-001 has not infringed, does not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the '502 patent.

### <u>SECOND SEPARATE DEFENSE</u>

Each of the claims of each of the '502 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code or for satisfying other bases (including judicially-created bases) for invalidation or unenforceability.

## THIRD SEPARATE DEFENSE

Each of the claims of the '502 patent.is invalid as anticipated or obvious, pursuant to 35 U.S.C. §§ 102, 103.

## FOURTH SEPARATE DEFENSE

Each of the claims of each of the '502 patent.is invalid as anticipated or obvious, pursuant to 35 U.S.C. § 112, for example, indefiniteness, lack of enablement and/or written description.

## FIFTH SEPARATE DEFENSE

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the patent-in-suit, Plaintiff is estopped from maintaining that any valid or enforceable claim of the patent-in-suit is infringed by the product that is the subject of Rubicon's ANDA No. 214445/S-001.

## SIXTH SEPARATE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH SEPARATE DEFENSE

Metacel's infringement claim is precluded by *res judicata* and/or collateral estoppel.

## EIGHTH SEPARATE DEFENSE

Any and all additional defenses and counterclaims that discovery may reveal.

WHEREFORE, Rubicon hereby demands judgment in its favor based on a finding of non-infringement and/or invalidity and/or unenforceability of the patent-in-suit, an award of all costs and fees incurred in defense of this Action and for such other relief as the Court may deem just and proper.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure Defendant/counterclaim-plaintiff Rubicon Research Limited ("Rubicon"), formerly known as Rubicon Research Private Limited, by and through its undersigned counsel, as for its Counterclaim against Plaintiff Metacel Pharmaceuticals LLC ("Metacel") states the following:

1.      This is an action to obtain a declaratory judgment of noninfringement of U.S. patent No. 10,610,502 ("'502 patent"), to recover Rubicon's attorney fees for defending against this baseless action, and to seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## THE PARTIES

2.      Rubicon is a limited company organized and existing under the laws of the Republic of India with a places of business at MedOne House, B – 75, Road No. 33, Wagle Estate, Thane West – 400604, Maharashtra, India.

3.      Upon information and belief, Metacel is a limited liability company organized and existing under the laws of the State of Georgia with a principal place of business 1272 Virgil Langford Road, Suite 201C, Watkinsville, Georgia, 30677.

4.      Upon information and belief, at all times relevant to the claims and allegations in this counterclaim, Metacel has operated as the alter ego to one or more of its officers, directors or affiliate or parent companies.

5.      Upon information and belief, at all times relevant to the claims and allegations in this counterclaim, Metacel acts and has acted as the alter ego of and under the direct control of its parent company, Rosemont Pharmaceuticals Limited ("Rosemont"), a limited company organized and existing under the laws of the United Kingdom, which has a principal place of

business and registered office located at Rosemont House, Yorkdale Industrial Park, Braithwaite Street, Leeds LS119XE, United Kingdom.

6.    Upon information and belief, at all times relevant to the claims and allegations in this counterclaim, Metacel is and has been managed by one or more individuals who have disregarded Metacel's corporate form.

7.    Upon information and belief, at all times relevant to the claims and allegations in this counterclaim, one or more of Metacel's officers or directors caused or have caused Metacel to act as their alter ego.

8.    Upon information and belief, at all times relevant to the claims and allegations in the counterclaim, Metacel ignores or has ignored the corporate form in taking the actions complained of herein.

9.    Upon information and belief, at all times relevant to the claims and allegations in the counterclaim, Rosemont has ignored Metacel's corporate form in directing Metacel to commit the wrongful acts complained of in this counterclaim.

10.    Upon information and belief, at all times relevant to the claims and allegations in the counterclaim, one or more officers or managers of Rosemont cause or have caused Metacel to act as their alter ego.

11.    Upon information and belief, at all times relevant to the claims and allegations in the counterclaim, one or more persons responsible for Metacel's operations and decisions directly or indirectly caused Metacel to knowingly and intentionally make one or more false statements in the complaint filed in the instant action.

12.    Upon information and belief, the purpose of the person(s) causing Metacel to make false statements in the complaint filed in the instant action was and is to knowingly,

maliciously and intentionally defraud the Court and the U.S. Food & Drug Administration ("FDA") as part of Metacel's malicious scheme to frustrate and delay regulatory approval of Rubicon's Supplemental ANDA product.

13.    Upon information and belief, one or more persons responsible for Metacel's operations and decisions maliciously, knowingly and intentionally used Metacel to effect a fraud on the Court and the FDA for the specific purpose of causing and with the specific intent to cause Metacel significant harm.

14.    Upon information and belief, the actions of Metacel and its one or more alter egos, officers, managers, directors, controlling affiliates and/or parent companies have caused Rubicon significant harm by unfairly triggering a statutory stay during which time Rubicon's improved formulation cannot be approved by FDA and, thus, cannot be sold in the United States.

## <u>JURISDICTION AND VENUE</u>

15.    The Court has subject matter jurisdiction over this matter pursuant to at least 28 U.S.C. § 1331, 1337(a), 1338(a) and 1367, based on an actual controversy between Rubicon and Metacel arising under the patent and antitrust laws of the United States.  *See* 35 U.S.C. § 1 *et seq.*; 15 U.S.C. § 1 *et seq.*

16.    The Court has personal jurisdiction over Metacel at least because Metacel has purposely availed itself of this Court's jurisdiction when initiating the underlying action, Metacel does business in this judicial district, and the wrongful and tortious acts complained of herein occurred in this judicial district.

17.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## HATCH-WAXMAN ACT BACKGROUND

18.    The Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, establishes the rules under which FDA considers whether to approve brand-name and generic pharmaceutical drugs. In 1984, the Hatch-Waxman Act was passed to amend certain aspects of this regulatory structure with a central aim of getting "generic drugs into the hands of patients at reasonable prices – fast." *In re Barr Labs.*, 930 F. 2d 72, 76 (D.C. Cir. 1991).

19.    Under the Hatch-Waxman Act, an abbreviated approval pathway for FDA's consideration of generic drugs was created to "speed the introduction of low-cost generic drugs to market, thereby furthering drug competition." *FTC v. Actavis, Inc.*, 570 U.S. 136, 142 (2013). This pathway authorizes the approval of generic drugs based upon the submission of an Abbreviated New Drug Application ("ANDA").

20.    The Hatch-Waxman Act balances the public interest in speedier entry of generic competition with the public interest in protecting the legitimate use of the patent system and thereby fostering innovation in the pharmaceutical industry.  In recognizing the value of legitimate patents in incentivizing innovation, Congress created a process to postpone generic entry to afford time for early resolution of patent disputes. *King Drug Co. of Florence, Inc. v. Smithkline Beecham Corp.*, 791 F.3d 388, 394-6 (3d Cir. 2015).  Under this system, FDA requires NDA holders to disclose the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).  Generic applications are then required to address each listed patent by certifying that they will wait for the patent to expire to receive final FDA approval, or by filing a "Paragraph IV" certification challenging the patent as invalid, unenforceable, or not infringed by the proposed generic product.

21.　　The Hatch-Waxman Act makes the submission of an ANDA with a Paragraph IV certification a "technical" act of infringement in order to establish standing for streamlined resolution of possible patent infringement issues that would arise from the market entry of the ANDA product.　The Act gives patentees a strong incentive to file suit, if at all, within 45 days of receiving a Paragraph IV challenge.　If the patentee files suit within that window, FDA imposes a 30-month stay on any approval of the generic application so long as the patent litigation remains pending at the District Court during that time.　Thus, in a legitimate patent infringement dispute, patent holders are protected by giving an opportunity to assert legitimate claims before a generic is approved and ANDA filers are protected by providing them with certainty with respect to their potential litigation risk, all before the generic product is launched.

22.　　In order to incentivize generic companies to submit ANDAs as early as possible, the Hatch-Waxman Act offers a regulatory reward to the first generic manufacturer to challenge invalidity or non-infringement of the listed patents with a 180-day period of generic marketing exclusivity.　Accordingly, the entire framework of the Hatch-Waxman Act balances the legitimate patent interests of the branded company with the interest in creating competition through early generic entry.　If used properly, and not abused, this structure serves the underlying purpose of getting "generic drugs into the hands of patients at reasonable prices – fast."

## METACEL'S DISCONTINUED OZOBAX® PRODUCT

23.　　Upon information and belief, Metacel holds New Drug Application ("NDA") No. 208193 for baclofen oral solution 5 mg/mL ("Ozobax®") and 10 mg/5mL ("Ozobax® DS").

24.　　Metacel's Ozobax® product is the reference listed drug for Rubicon's ANDA, as supplemented.

25.　　Metacel has discontinued selling Ozobax®.

26.     FDA identifies Ozobax® as discontinued.

27.     Prior to being discontinued, Ozobax® required refrigeration.

28.     As sold by Metacel, Ozobax® requires refrigeration.

29.     As previously sold by Metacel, Ozobax® requires refrigeration.

30.     Ozobax® requires storage at refrigerated temperatures.

## THE '502 PATENT

31.     Upon information and belief, Metacel holds all rights and titles to the '502 patent with the exclusive right to enforce the '502 patent.

32.     Upon information and belief, a true and complete copy of the '502 patent is attached as Exhibit A to Metacel's Complaint ("Compl. Ex. A").

33.     The '502 patent issued from the USPTO April 7, 2020, with two claims.

34.     Claim 1 of the '502 patent is the only independent claim of the '502 patent.

35.     Claim 1 of the '502 patent claims "a method of relaxing muscles or treating spasticity in a subject in need thereof."  (*See* Compl. Ex. A at claim 1.)

36.     The method described in claim 1 of the '502 patent comprises "administering to the subject an effective amount of an aqueous oral solution comprising (i) baclofen, (ii) a buffer comprising citric acid, a salt of citric acid, or any combination thereof, and (iii) optionally one or more preservatives, wherein prior to the administration, the amount of 4-(3-carboxymethyl)-3-hydroxy-2,5-dioxopyrrolidin-1-yl)-3-(4-chlorophenyl)butanoic acid in the oral solution is determined to be below a threshold level and the oral solution is stored after the determination, but prior to the administration, at from about 2 to about 8° C."  (*See* Compl. Ex. A at claim 1.)

37.     The '502 patent claims are directed only to baclofen oral solutions requiring refrigeration "at from about 2 to about 8° C."

38.     The '502 patent claims covers only baclofen oral solutions requiring refrigeration "at from about 2 to about 8° C."

39.     The '502 patent claims are directed only to baclofen oral solutions requiring refrigeration.

40.     The '502 patent claims cover only baclofen oral solutions requiring refrigeration.

## RELATED JUDICIAL PROCEEDINGS

41.     On 29 October 2021, Metacel initiated the action styled as *Metacel Pharmaceuticals LLC v. Rubicon Research Private Limited*, C.A. No. 2:21-cv-19463-EP-JRA (D.N.J.) by filing a complaint alleging that Rubicon's ANDA No. 214445 for baclofen oral solution 5 mg/mL infringed the '502 patent ("19463 Action").

42.     On 7 July 2023, the Court in the 19463 Action issued an Opinion and Order granting Rubicon's motion for summary judgment of noninfringement pursuant to Rule 56 of the Federal Rules of Civil Procedure governing summary judgment. (*See* 19463 Action at D.I. 137, 138.)

43.     In the Court's Memorandum Opinion supporting its final judgment of noninfringement issued in the 19463 Action (*see* D.I. 137), the Court construed the '502 patent, in accordance with its plain language, to require the baclofen solutions claimed therein be stored "between 2 and 8 degrees Celsius (the 'Fridge Limitation')."

44.     The Court in the 19463 Action held that Rubicon's ANDA product could not infringe the '502 patent as a matter of law because Rubicon's ANDA product did not require refrigeration.  (*See id.* at 2-9.)

45.     The Court reaffirmed its holding that Rubicon's ANDA product could not infringe the '502 patent due to failure to satisfy the Fridge Limitation when it denied Metacel's motion for reconsideration on 31 August 2023.  (*See* 19463 Action at D.I. 155, 156.)

46.     The Court's Memorandum Opinion supporting its final judgment of noninfringement in the 19463 Action found that Rubicon's ANDA product "label instructs storage at 20 to 25 degrees Celsius with *optional* refrigeration, *i.e.*, storage at 2 and 8 degrees Celsius."  (D.I. 137 at 8 (emphasis in original).)

47.     The Court's Memorandum Opinion supporting its final judgment of noninfringement in the 19463 Action quoted Rubicon's ANDA label storage conditions as follows: "Store at 20° to 25°C (68° to 77°F); excursions permitted to 15° to 30°C (59° to 86°F) [See USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F)." (*Id.*)

48.     The Court's Memorandum Opinion holds that Rubicon's ANDA product does not infringe the '502 patent because Rubicon's storage conditions for its ANDA product do not require refrigeration.

## **RUBICON'S SUPPLEMENTAL ANDA PRODUCT**

49.     Rubicon holds Abbreviated New Drug Application No. 214445 for baclofen oral solution 5 mg/mL, which FDA approved December 6, 2024.

50.     Facilitated by a change in manufacturing site, while continuing to sell its approved ANDA product without modification, Rubicon experimented with modified versions of its formulation for the purposes of improving both antimicrobial activity within the formulation and the taste of the formulation.

51.     Rubicon described the formulation to FDA in a supplement FDA assigned No. 214445/S-001 ("Rubicon's Supplemental ANDA").

52.     Excerpts from Rubicon's Supplemental ANDA are attached hereto or submitted herewith as **Exhibit 1.**

53.     A true and complete copy of Rubicon's Supplemental ANDA, as it is maintained by Rubicon in the ordinary course of business, is attached hereto or submitted herewith as **Exhibit 2.**

54.     Rubicon's Supplemental ANDA describes formulation changes Rubicon has proposed to its approved ANDA formulation.

55.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA describes formulation changes Rubicon has proposed to its approved ANDA formulation.

56.     Rubicon's Supplemental ANDA explains the reasons for each formulation change described in Rubicon's Supplemental ANDA.

57.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA explains the reasons for each formulation change described in Rubicon's Supplemental ANDA.

58.     The formulation changes and explanations therefor can be found in Exhibits 1 and 2 at RUB005579-80 ("Alternative composition with higher concentration of preservative has been proposed …. Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code."; RUB005597

29

("pH range is revised in proposed composition for better preservative efficacy."); RUB005598 ("Preservatives levels are revised in proposed site transfer product for better preservative efficacy over the entire shelf-life period based on prescribed optimum levels as per literature."); and RUB005599 ("Flavor grade is changed in proposed product for better taste performance.").

59.    At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA formulations changes and explanations therefor could be found in Rubicon's Supplemental ANDA as reflected in Exhibits 1 and 2 at RUB005579-80 ("Alternative composition with higher concentration of preservative has been proposed …. Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code."; RUB005597 ("pH range is revised in proposed composition for better preservative efficacy."); RUB005598 ("Preservatives levels are revised in proposed site transfer product for better preservative efficacy over the entire shelf-life period based on prescribed optimum levels as per literature."); and RUB005599 ("Flavor grade is changed in proposed product for better taste performance.").

60.    Rubicon's Supplemental ANDA states, "Alternative composition with higher concentration of preservative has been proposed from Rubicon Satara Site." (*See* Exhibits 1 and 2 at RUB005579.)

61.    At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "Alternative composition with higher concentration of preservative has been proposed from Rubicon Satara Site." (*See* Exhibits 1 and 2 at RUB005579.)

62.    Rubicon's Supplemental ANDA states, "Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code." (*See id.*)

63.    At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code." (*See id.*)

64.    Rubicon's Supplemental ANDA states, "pH range is revised in proposed composition for better preservative efficacy." (*See id.* at RUB005597.)

65.    At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "pH range is revised in proposed composition for better preservative efficacy." (*See id.* at RUB005597.)

66.    Rubicon's Supplemental ANDA states, "Preservatives levels [sic] are revised in proposed site transfer product for better preservative efficacy over the entire-shelf life period based on prescribed optimum levels as per literature." (*See id.* at RUB005598.)

67.    At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "Preservatives levels [sic] are revised in proposed site transfer product for better preservative efficacy over the entire-shelf life period based on prescribed optimum levels as per literature." (*See id.* at RUB005598.)

68.     Rubicon's Supplemental ANDA states, "Flavor grade is changed in proposed product for better taste performance." (*See id*. at RUB005599.)

69.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "Flavor grade is changed in proposed product for better taste performance." (*See id*. at RUB005599.)

70.     Rubicon's Supplemental ANDA states, "There is no change in the approved storage conditions from the original ANDA." (*See id.* at RUB005623, describing "Stability Data and Storage Conditions" for Rubicon's Supplemental ANDA product.)

71.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "There is no change in the approved storage conditions from the original ANDA." (*See id.* at RUB005623, describing "Stability Data and Storage Conditions" for Rubicon's Supplemental ANDA product.)

72.     Rubicon's Supplemental ANDA states, "The storage conditions are as follows: Store at 20° to 25° C (68° to 77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).")." (*See id.*)

73.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "The storage conditions are as follows: Store at 20° to 25° C (68° to 77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See

USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).").") (*See id.*)

74.     The storage conditions for Rubicon's Supplemental ANDA product are identical to the storage conditions for Rubicon's approved ANDA product that was found not to infringe the '502 patent.

75.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA states, "The storage conditions are as follows: Store at 20° to 25° C (68° to 77°F); excursions permitted between 15° to 30°C (59° to 86° F) [See USP Controlled Room Temperature].  It can also be stored at 2°C to 8°C (36°F to 46°F).").") (*See id.*)

76.     Rubicon's Supplemental ANDA product does not require refrigeration.

77.     At the time Metacel, through its counsel and one or more alter eqos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA product does not require refrigeration.

78.     Rubicon's Supplemental ANDA product describes refrigeration of the Supplemental ANDA product as optional.

79.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA product describes refrigeration of the Supplemental ANDA product as optional.

80.     Rubicon's Supplemental ANDA product instructs that Rubicon's Supplemental ANDA product be stored "at 20° to 25° C (68° to 77°F)."

81.     At the time Metacel, through its counsel and one more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA product instructs that Rubicon's Supplemental ANDA product be stored "at 20° to 25° C (68° to 77°F)."

82.     The changes Rubicon describes having made to its ANDA formulation in Rubicon's Supplemental ANDA do not require changes to the storage conditions for the Supplemental ANDA product.

83.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew the changes Rubicon describes having made to its ANDA formulation in Rubicon's Supplemental ANDA do not require changes to the storage conditions for the Supplemental ANDA product.

84.     Rubicon's Supplemental ANDA informed FDA that the changes to Rubicon's ANDA formulation, as described in Rubicon's Supplemental ANDA, do not require changes to the storage conditions for the Supplemental ANDA product.

85.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA informed FDA that the changes to Rubicon's ANDA formulation, as described in Rubicon's Supplemental ANDA, do not require changes to the storage conditions for the Supplemental ANDA product.

86.     Rubicon's Supplemental ANDA included stability testing data that confirms the accuracy of Rubicon's conclusion that the storage conditions for its Supplemental ANDA

product do not vary from the storage conditions for Rubicon's approved ANDA product found not to infringe the '502 patent.

87.     At the time Metacel, through its counsel and one or more alter egos, prepared and filed Metacel's Complaint in the instant Action, Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA included stability testing data that confirms the accuracy of Rubicon's conclusion that the storage conditions for its Supplemental ANDA product do not vary from the storage conditions for Rubicon's approved ANDA product found not to infringe the '502 patent.

88.     By letter dated and sent by FedEx on 6 January 2025 ("Rubicon's January 6, 2025, Notice Letter"), Rubicon notified Metacel that it had filed Rubicon's Supplemental ANDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, to the best of Rubicon's knowledge and belief, Rubicon's Supplemental ANDA product would not infringe the '502 patent.

89.     Rubicon's January 6, 2025, Notice Letter notified Metacel that Rubicon's Supplemetal ANDA product would not infringe the '502 patent for the same reason the Court found Rubicon's approved ANDA product not to infringe the '502 patent, namely because Rubicon's Supplemental ANDA product does not require refrigeration.

90.     Upon information and belief, Metacel received Rubicon's January 6, 2025, Notice Letter on 7 January 2025.

91.     In response to a request from Metacel, Rubicon produced its Supplemental ANDA in its entirety to Metacel January 17, 2025, to permit Metacel to determine whether to file a claim for patent infringement related to Rubicon's Supplemental ANDA.

92.     Metacel and its counsel and one or more alter egos were in possession of Rubicon's Supplemental ANDA when preparing and filing Metacel's Complaint.

93.     Metacel and its counsel and one or more alter egos prepared and filed Metacel's Complaint in the instant Action knowing the Complaint contained allegations Metacel knew to be false.

94.     Metacel and its counsel and one or more alter egos prepared and filed Metacel's Complaint in the instant Action knowing that the allegations in paragraph 30 of Metacel's complaint were false.

95.     Metacel and its counsel and one or more alter egos prepared and filed Metacel's Complaint in the instant Action for the purpose of unwittingly enlisting the Court and FDA in Metacel's scheme to obstruct FDA approval of Rubicon's Supplemental ANDA product.

96.     Metacel and its counsel and one or more alter egos prepared and filed Metacel's Complaint in the instant Action with the specific intent to cause Rubicon substantial harm.

97.     Rubicon's Supplemental ANDA product reflects improvements to Rubicon's approved ANDA formulation intended to increase use of Rubicon's ANDA product and compliance with the dosing regimens described in Rubicon's product package insert.

98.     Every day FDA is precluded from approving Rubicon's Supplemental ANDA results in harm to Rubicon, including, without limitation, lost revenue and profits to Rubicon resulting from its inability to market its improved ANDA formulation.

99.     Every day FDA is precluded from approving Rubicon's Supplemental ANDA results in harm to the American public, which is deprived of access to Rubicon's improved, one-of-a-kind baclofen oral solution 5 mg/5mL that requires no refrigeration.

## THE RELEVANT MARKET

100.    The relevant geographic market is the United States.  The FDA's regulatory process for approving drugs for sale in the United States, and the fact that such sales occur on a nationwide basis establishes the boundaries of the geographic market.

101.    The relevant product market in which to assess the anticompetitive effect of Metacel's conduct is the market for baclofen oral solution for its approved indication(s), which include only Metacel's now-discontinued Ozobax® and Rubicon's approved ANDA product.

102.    Although Metacel has discontinued its Ozobax® product, Metacel continues to maintain and protect its monopoly over baclofen oral solutions claimed in the '502 patent by listing the '502 patent in FDA's Orange Book for Ozobax® and improperly asserting the '502 patent to minimize or eliminate competition from baclofen oral solution products Metacel knows do not infringe the '502 patent.

103.    In addition, Metacel continues to sell a variation of its Ozobax® product under the same NDA, NDA No. 208193, as Ozobax® DS oral solution 10mg/mL.

104.    While there are other baclofen products available, the other baclofen products are not market substitutes for Ozobax® or Rubicon's approved ANDA product and are, thus, not interchangeable prescription substitutes.  Accordingly, the Ozobax® market, including now its generic market, is a distinct product market that Metacel created and is improperly trying to protect through its anticompetitive conduct set forth herein.

## METACEL'S ACTIONS GIVING RISE TO THIS COUNTERCLAIM

105.    Metacel, though its counsel and one or more alter egos, initiated the instant action by filing a complaint alleging that Rubicon's Supplemental ANDA product infringes the '502 patent on February 20, 2025.

106.    Upon information and belief, Metacel, though its counsel and one or more alter egos, initiated the instant action within 45 days of receiving Rubicon's January 6, 2025, Notice Letter.

107.    By initiating the instant action within 45 days of receiving Rubicon's January 6, 2025, Notice Letter, Metacel, though its counsel and one or more alter egos, intended to and in fact did trigger a statutory stay that precludes FDA from approving Rubicon's ANDA for at least 30 months following Metacel's receipt of Rubicon's January 6, 2025, Notice Letter.  *See* 21 U.S.C. § 355(j)(5)(B)(iii) (precluding FDA from approving certain ANDAs for "the thirty-month period beginning on the date of the receipt of the" Paragraph IV Notice Letter.)

108.    Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action knowing that allegations therein were false and misleading.

109.    Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action knowing Rubicon had informed FDA that the storage conditions for Rubicon's Supplemental ANDA product were not changed from the storage conditions for Rubicon's already approved ANDA product.

110.    Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action for the purpose of obtaining the statutory stay described in 21 U.S.C. § 355(j)(5)(B)(iii).

111.    Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action for the purpose of delaying FDA approval of Rubicon's Supplemental ANDA product.

112.     Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed the complaint in the instant action for the purpose of obstructing FDA approval of Rubicon's supplemental ANDA.

113.     Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed the complaint in the instant action for the purpose of frustrating Rubicon's efforts to obtain approval for Rubicon's Supplemental ANDA.

114.     Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed the complaint in the instant action knowing that Metacel has no basis for alleging that Rubicon's supplemental ANDA product infringes the '502 patent.

115.     Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed the complaint in the instant action with malice and the specific intent to cause Rubicon harm.

116.     Upon information and belief, Metacel, though its counsel and one or more alter egos, prepared and filed the complaint in the instant action with the intent and for the purpose of unwittingly enlisting the Court and FDA in Metacel's scheme to prevent or delay FDA approval of Rubicon's Supplemental ANDA product.

117.     At paragraph 30 of Metacel's complaint in the instant action, Metacel, though its counsel and one or more alter egos, states as follows:

> While Rubicon's supplemental ANDA does not specify the purpose of these excipient modifications, upon information and belief, these changes may be intended to affect the storage conditions of the product, which on information and belief, depart from this Court's prior findings related to the '502 Patent by raising new issues of fact and law.

118.    Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action knowing that Rubicon's Supplemental ANDA specified the purpose of the changes to Rubicon's formulation.

119.    Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action knowing that Rubicon had represented to FDA that the storage conditions for Rubicon's Supplemental ANDA product were the same as the storage conditions for Rubicon's approved ANDA product.

120.    Metacel, though its counsel and one or more alter egos, prepared and filed its complaint in the instant action knowing that the storage conditions for Rubicon's Supplemental ANDA product do not in any way depart from this Court's prior findings that the storage conditions for Rubicon's approved ANDA product, the very same storage conditions Rubicon maintains for its Supplemental ANDA product, do not meet the '502 patent's Fridge Limitation and, thus, cannot infringe the '502 patent.

121.    Metacel, though its counsel and one or more alter egos, knew statements contained in Paragraph 30 of Metacel's complaint were false and designed to mislead the Court when Metacel, though its counsel and one or more alter egos, filed the complaint in the instant action.

122.    In filing its complaint in the instant action with Paragraph 30, Metacel, its counsel and one or more alter egots intended to mislead the Court.

123.    Metacel, though its counsel and one or more alter egos, filed its complaint in the instant action knowing the storage conditions for Rubicon's ANDA supplemental ANDA product did not differ from the storage conditions for Rubicon's approved ANDA product that had been found not to infringe the '502 patent.

124.    Metacel, though its counsel and one or more alter egos, filed its complaint in the instant action knowing that Rubicon's Supplemental ANDA product does not and would not infringe any claim of the '502 patent.

125.    The complaint Metacel, though its counsel and one or more alter egos, filed in the instant action does not allege Rubicon's Supplemental ANDA product requires refrigeration.

126.    The complaint Metacel, though its counsel and one or more alter egos, filed in the instant action does not allege Rubicon's Supplemental ANDA product meets the '502 patent's Fridge Limitation.

127.    The complaint Metacel, though its counsel and one or more alter egos, filed in the instant action does not inform the Court that Metacel was in full possession of Rubicon's Supplemental ANDA at the time Metacel prepared and filed the complaint in the instant action.

128.    The complaint Metacel, though its counsel and one or more alter egos, filed in the instant action does not inform the Court that Metacel actually reviewed the storage conditions described in Rubicon's Supplemental ANDA prior to filing the complaint in the instant action.

129.    Metacel's claim for infringement of the '502 patent is objectively baseless.

130.    The underlying Action is sham litigation initiated by Metacel, though its counsel and one or more alter egos, to prevent or delay Rubicon from marketing its improved formulation as described in Rubicon's Supplemental ANDA.

## METACEL'S KNOWLEDGE AND INTENT

131.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected in and directed to the State of New Jersey with the specific intent of committing a tortious act and causing significant harm in the State of New Jersey and throughout the United States.

132.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with malice toward Rubicon.

133.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with the specific intent to cause significant and prolonged harm to Rubicon.

134.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with the specific intent to defraud the Court.

135.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with the specific intent to fraudulently and unwittingly enlist the Court and FDA in Metacel's unlawful scheme to frustrate and delay regulatory approval of Rubicon's improved formulation, which Rubicon seeks to market to the public, which FDA has assigned No. 214445/S-001 /S-001.

136.    Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with Metacel being in full possession of a true and complete copy of Rubicon's Supplemental ANDA, which Rubicon produced to Metacel January 17, 2025.

137.    A true and complete copy of email correspondence documenting Rubicon's production of Rubicon's Supplemental ANDA to Metacel, through its counsel, is attached hereto or submitted herewith as **Exhibit 3.**

138.    Metacel, directly or through counsel or one or more alter egos, possessed a true and complete copy of Rubicon's Supplemental ANDA beginning January 17, 2025.

139.    Metacel, directly or through counsel or one or more alter egos, possessed a copy of Rubicon's Supplemental ANDA when preparing and filing the complaint in the instant action.

140.    Metacel, it counsel and one or more alter egos knew Rubicon's Supplemental ANDA specifically addressed the storage conditions for Rubicon's Supplemental ANDA product when preparing and filing the complaint in the instant action.

141.    A true and complete copy of Rubicon's statement to FDA regarding the storage conditions for Rubicon's Supplemental ANDA product is in Exhibits 1 and 2 to this Answer and Counterclaim at RUB005623.

142.    In addressing the storage conditions for Rubicon's Supplemental ANDA product, Rubicon's Supplemental ANDA states, "There is no change in the approved storage conditions from the original ANDA." (*See* Exhibits 1 and 2 at RUB005623.)

143.    Metacel and its counsel and one or more alter egos knew when preparing and filing the complaint in the instant Action that Rubicon's Supplemental ANDA informed FDA, "There is no change in the approved storage condition from the original ANDA."

144.    When alleging, in paragraph 30 of the complaint in the instant action, that Rubicon's Supplemental ANDA formulation changes "may be intended to affect the storage conditions of the product, which on information and belief, depart from this Court's prior findings related to the '502 Patent by raising new issues of fact and law," Metacel and its counsel and one or more alter egos knew Rubicon's Supplemental ANDA had informed FDA, "There is no change in the approved storage condition from the original ANDA."

145.    When alleging, in paragraph 30 of the complaint in the instant action, that Rubicon's Supplemental ANDA "does not specify the purpose of these excipient modifications," Metacel and its counsel and one or more alter egos were in possession of Rubicon's Supplemental

ANDA at RUB005579-80 ("Alternative composition with higher concentration of preservative has been proposed …. Proposed formulation is same as approved except higher concentration of preservative methyl paraben, Propyl paraben and change in Grape flavor code."; RUB005597 ("pH range is revised in proposed composition for better preservative efficacy."); RUB005598 ("Preservatives levels are revised in proposed site transfer product for better preservative efficacy over the entire shelf-life period based on prescribed optimum levels as per literature."); and RUB005599 ("Flavor grade is changed in proposed product for better taste performance."). *See* Exhibits 1 and 2.

146. Paragraph 30 of Metacel's complaint in the instant action was intended to mislead the Court by making knowingly false statements regarding the substance of Rubicon's Supplemental ANDA.

147. Upon information and belief, each of the acts complained of herein carried out by or on behalf of Metacel, as described in paragraphs 55 to 130 of this counterclaim, was effected with knowledge that Rubicon's Supplemental ANDA explicitly represented to FDA that the formulation improvements, which were limited to enhancing antimicrobial activity and improving the flavor, had no effect on the storage conditions for Rubicon's ANDA product.

148. Metacel, through it counsel and one or more alter egos, filed the complaint in the instant action knowing Metacel has no good faith basis for alleging Rubicon's Supplemental ANDA infringes any claim the '502 patent.

149. Metacel filed the complaint in the instant Action knowing and intending the Action to delay FDA-approval of Rubicon's Supplemental ANDA.

150. Metacel filed the complaint in the instant Action knowing it would and specifically intending it to delay approval of Rubicon's improved ANDA formulation, thus,

causing real, monetary and non-monetary damages to Rubicon, which damages continue to accrue each day FDA is precluded from approving Rubicon's Supplemental ANDA.

## COUNT I – DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '502 PATENT

151.    Rubicon repeats and incorporates by reference the allegations of paragraphs 1-150 of this counterclaim as if fully set forth herein.

152.    Metacel has asserted that Rubicon's Supplemental ANDA infringes at least claim 1 of the '502 patent.

153.    All claims of the '502 patent require the formulations claimed therein to be stored in refrigerated conditions.

154.    Rubicon's Supplemental ANDA describes the storage conditions of Rubicon's Supplemental ANDA product to require storage in non-refrigerated conditions.

155.    Rubicon's Supplemental ANDA product does not require refrigeration.

156.    Rubicon's Supplemental ANDA product does not infringe the '502 patent at least because Rubicon's Supplemental ANDA product does not require refrigeration.

157.    Metacel initiated and maintains the instant action knowing Rubicon's Supplemental ANDA product does not require refrigeration.

158.    Metacel initiated and maintains the instant action knowing Rubicon's supplemental ANDA product does not infringe any claim of the '502 patent.

159.    Rubicon has not induced any infringement of the '502 patent because Rubicon's Supplemental ANDA did not and does not encourage any person to infringe the '502 patent.

160.    Rubicon has not contributed to any infringement of the '502 patent because Rubicon's Supplemental ANDA has substantial non-infringing uses.

161.   A real, articulable dispute exists between the parties that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

162.   Metacel's initiating this objectively baseless action renders this case exceptional under 35 U.S.C. § 285.

163.   Accordingly, the Court should enter a declaratory judgment that Rubicon's Supplemental ANDA does not infringe the '502 patent and should award Rubicon its attorneys' fees for defending against Metacel's objectively baseless claim for infringement.

## PRAYER FOR RELIEF

WHEREFORE, Rubicon respectfully requests that this Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendant Metacel as follows:

1.     That Rubicon and its Supplemental ANDA and Supplemental ANDA product have not, do not and would not infringe any claim of the '502 patent;

2.     That the '502 patent be found invalid and/or unenforceable;

3.     That Plaintiff's Complaint be dismissed with prejudice on the merits;

4.     For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

5.     For an award of Rubicon's costs, disbursements and reasonable attorneys' fees otherwise allowed by law;

6.     For the maximum allowable sanctions under Rule 11 of the Federal Rules of Civil Procedure against Metacel and its counsel for filing an maintaining this objectively baseless action with malice and the specific intent to harm Rubicon; and

7.     For such other and further relief as the Court deems just and equitable in the premises.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rubicon hereby demands trial by jury as to all issues so triable in this action.

Dated: April 2, 2025

Respectfully submitted,

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer
(NJ Bar ID 028912009)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

Timothy H. Kratz *(Pro Hac Vice Expected)*
George J. Barry III *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
(404) 431-6600
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

Michael P. Hogan *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
P.O. Box 63765
622 S. 4th Street
Philadelphia, PA 19147
(917) 216-8585
mhogan@kratzandbarry.com

*Attorneys for Defendant,*
*Rubicon Research Private Limited,*
*k/n/a Rubicon Research Limited*

## **VERIFICATION**

REPUBLIC OF INDIA         )
                                 )

STATE OF MAHARASHTRA     )

Sagar Oak disposes and states:

1. I am Vice President of Corporate Development & Strategy for Rubicon Research Limited, formerly known as Rubicon Research Private Limited.

2. I have read the contents of this Verified Answer and Counterclaim, and the exhibits thereto, and have personal knowledge of the facts set forth therein, which are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: March 26, 2025

                                           Sagar Oak
                                           Vice President
                                           Corporate Development & Strategy
                                           Rubicon Research Limited

**KRATZ & BARRY LLP**
R Touhey Myer
(NJ Bar ID 028912009)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

Timothy H. Kratz *(Pro Hac Vice Expected)*
George J. Barry III *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
(404) 431-6600
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

Michael P. Hogan *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
622 South 4th Street
P.O. Box 63765
Philadelphia, PA 19147
(917) 216-8585
mhogan@kratzandbarry.com

*Attorneys for Defendant,*
*Rubicon Research Private Limited,*
*k/n/a Rubicon Research Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METACEL PHARMACEUTICALS LLC, | : |
| *Plaintiff*, | : |
| v. | :   C.A. No. 2:25-cv-01382-EP-JRA |
| RUBICON RESEARCH PRIVATE LIMITED, k/n/a RUBICON RESEARCH LIMITED | : |
| *Defendant*. | : |

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rules 11.2 and 40.1, Defendant, Rubicon Research Private Limited,

k/n/a Rubicon Research Limited (herein, "Rubicon") by and through its undersigned counsel,

hereby certifies that this action is related to the following actions:

- *Metacel Pharmaceuticals LLC v. Rubicon Research Private Limited*, U.S.D.C.(D.Del.), C.A. No. 2:21-cv-19463-EP-JRA;

- *Metacel Pharmaceuticals LLC v. Rubicon Research Private Ltd.*, U.S.C.A.(Fed. Cir.), No. 2023-2386.

The foregoing actions initiated by Plaintiff involved asserted claims of patent infringement, *inter alia*, against Rubicon in connection with Rubicon's submission of ANDA No. 214445 and Supplemental ANDA No. 214445/S-001.

Dated: April 2, 2025

Respectfully submitted,

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer
(NJ Bar ID 028912009)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Attorneys for Defendant,*
*Rubicon Research Private Limited,*
*k/n/a Rubicon Research Limited*

*Of Counsel:*

Timothy H. Kratz *(Pro Hac Vice Expected)*
George J. Barry III *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
(404) 431-6600
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

Michael P. Hogan *(Pro Hac Vice Expected)*
KRATZ & BARRY LLP
P.O. Box 63765
622 S. 4th Street
Philadelphia, PA 19147
(917) 216-8585
mhogan@kratzandbarry.com